IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-20437
Summary Calendar

_____

MARION CAMPBELL,

                                         Plaintiff-Appellant,

v.

MICHAEL GRIFFIN,
Administrator of the National Aeronautics and Space Administration,

                                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
No. 4:05-CV-1288

_____

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    After reviewing the briefs and the record, we affirm, essentially for the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reasons stated by the district court. Summary judgment is appropriate, because Marion Campbell has failed to establish that similarly situated, i.e. "nearly identical," Bryant v. Compass Group USA, Inc., 413 F.3d 471, 478 (5th Cir. 2005), employees were treated more favorably than she was, and her speculative contentions regarding how other employees were treated are not sufficiently supported as to create a genuine issue of material fact.[1] She has failed to establish retaliation, because she has insufficiently pleaded a link between filing her second complaint with the Equal Employment Office and her paid leave's being denied, and, in any event, NASA has articulated non-discriminatory and non-pretextual reasons for denying her claim, principally, that Campbell failed to provide the required return-to-work date with her application.[2]

The district court did not abuse its discretion by declining to amend the scheduling order to provide Campbell more time to conduct discovery, even though her motion was unopposed. Her request for extension of time was her second discovery request; the district court had previously extended discovery

---

[1] In her reply brief, Campbell argues that she was similarly situated because, like the cited white employees, she provided a return-to-work date, but this ignores the great differences between Campbell's so-called return-to-work date, see infra note 2, and those of the white employees. Campbell's "similarly situated" argument in her reply brief, in essence, is one of discrimination, i.e. that she was discriminated against because NASA did not require the white employees to have physicians verify their return-to-work dates, but NASA did for her. That argument, which is not the same as claiming she was similarly situated to the white employees, is waived. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief.").

[2] Alleging that it is "undisputed that she provided a return date of July 12, 2003," Campbell argues that NASA incorrectly relies on her failure to provide such a date. But, in her email written in response to her incomplete application, she stated that she "purposefully left [the date the medical emergency was expected to end] blank because [she] applied for workman's comp. . . . If a date is required, please put not to exceed July 12, 2003."

Campbell thus concedes that her initial application was incomplete. And, in regard to her statement to use July 12, NASA received a note dated March 17, 2003, from her treating physician, stating that Campbell would not be able to return to work. When confronted with that inconsistency, Campbell failed to offer a return-to-work date. When she did provide a return-to-work date, she was admitted into the program.

for over six months. And Campbell waited until the last day of discovery under the amended schedule before requesting additional time, suggesting a lack of diligence.[3] Because, "for pretrial procedures to continue as viable mechanisms of court efficiency, appellate courts must exercise minimal interference with trial court discretion in matters such as the modifications of its orders," Hodges v. United States, 597 F.2d 1014, 1018 (5th Cir. 1979), the district court did not abuse its discretion.[4]

AFFIRMED.

---

[3] Although Campbell argues that the "inadvertent error" of her previous attorney should not be imputed to her, the nature of representation is that, as a general rule, the conduct of attorneys is imputed to clients. Cf. Coleman v. Thompson, 501 U.S. 722, 753 (1991) ("[T]he attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.") (internal citations and quotations omitted). Campbell also contends that because her attorney "had less than one week to discover his error before he would have been required to seek an extension of the discovery deadline," we should not find lack of diligence. To the contrary, even if Campbell was not excessively lackadaisical in failing to ensure that written discovery arrived on time, she was derelict in waiting until the day discovery was scheduled to close before requesting the second extension.

[4] Campbell's citation to Foman v. Davis, 371 U.S. 178 (1962), is misplaced. Foman concerned rule 15 of the Federal Rules of Civil Procedure, which states that district courts "should freely give leave [to amend pleadings] when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16SSthe rule at issue hereSSdoes not include such language, instead merely stating that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Where rule 16 is at issue, district courts are entitled to "broad discretion to preserve the integrity and purpose of the pretrial order." Hodges, 597 F.2d at 1018.